JOHN M. BEDROSIAN *et al. vs.* NELLIE M. BUCHANAN *et al.*

MARCH 2, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This cause is before this court on the appeal of the complainants from a decree of the superior court denying their motion to vacate the final decree entered herein.

The specific relief prayed for in the amended bill of complaint is first, for a finding that the omission of one Harriet S. Cruff to mention or provide for the respondents in her will was intentional; and second, for a finding that the titles of certain of the parties herein to particularly described parcels of real estate, to which the said Harriet S. Cruff had title at the time of her death, be confirmed against all persons claiming under the respondents, to the end that clouds on the titles of such parties to such real estate may be removed.

Certain of the complainants herein are devisees under the will of Harriet S. Cruff of separate parcels of real estate. The other complainant is the residuary devisee under the will of Martin M. Bedrosian, to whom also was devised realty under the Cruff will. The two respondents are alleged to be the only children of Harriet S. Cruff. In the amended bill of complaint it is further set out that the

respondent Prentiss has not been heard of for over twenty-five years and that it is not known whether he is living, and if not, whether he died leaving any issue.

The respondent Buchanan in her answer admitted the truth of the allegations of the amended bill of complaint. A decree *pro confesso* was taken against the respondent Prentiss, after an order of notice was made by the superior court. On motion a guardian *ad litem* for unknown and contingent interests was duly appointed by that court, and he filed an answer submitting the interests represented by him to the protection of the court. A final decree, consented to by the parties and the guardian *ad litem,* was then entered in the cause in the superior court granting in full the relief prayed for in the amended bill of complaint. However, within six months thereafter, the complainants filed in the superior court their motion to vacate such decree, and the denial of said motion by that court is now before us for review.

In support of this motion the complainants urge that the superior court did not have jurisdiction over the subject-matter contained in their amended bill of complaint, and that they can properly raise the question of lack of jurisdiction by such motion. See *Bowden* v. *Ide,* 48 R. I. 441. They contend that the primary object of their amended bill of complaint was to have the will of Harriet S. Cruff construed, particularly in relation to her intent in connection with her failure to mention the respondents in such instrument. Assuming this to be the nature of the amended bill of complaint, they maintain that the superior court had no jurisdiction to hear or pass upon the matters raised by such bill, and that under general laws 1938, chapter 545, § 7, that court should have certified to this court the bill whenever the cause was ready for hearing for final decree. In so arguing the complainants rely largely upon *Horton* v. *Horton,* 46 R. I. 492.

On the other hand, the respondent Buchanan and the guardian *ad litem* contend that the amended bill of complaint is brought primarily for the removal of a cloud on title; that any question regarding the construction of the will of Harriet S. Cruff is collateral and secondary; that the superior court, therefore, had jurisdiction to enter the final decree in question, and that its action in refusing to vacate such decree was proper. In support of their position such respondent and such guardian cite *Quigley* v. *Spencer,* 54 R. I. 228.

It appears from the admitted allegations in the amended bill of complaint that Harriet S. Cruff died July 23, 1932, leaving a last will and testament in which the respondents were not mentioned, and that such omission was intentional and not due to accident or mistake on her part. This will was duly admitted to probate by the probate court of the city of Cranston. It is further alleged in said bill that the failure of the testatrix Harriet S. Cruff to mention the respondents in her will rendered that instrument subject to attack, since her intention in that connection was not expressly stated in the will. It is then alleged that because of this situation the respondent Buchanan and Martin M. Bedrosian, a devisee under said will, entered into a written agreement, dated December 31, 1932, which, among other things, contained provisions relating to the disposition of certain realty passing under such will, and that such agreement was duly carried out by the parties thereto.

It is also alleged in the bill that the parties in interest entered into possession of their respective parcels of realty; that thereafter Martin M. Bedrosian died November 20, 1934, leaving a will which was duly admitted to probate in Cranston, in which will the complainant John M. Bedrosian was named as residuary devisee; and that the latter entered into possession of the said real estate of which Martin M. Bedrosian had been in possession.

After an examination of the amended bill of complaint now before us, we are of the opinion that it is brought primarily for the purpose of obtaining a construction of the will of Harriet S. Cruff in relation to her intent when she failed to mention the respondents in that instrument, and that the further relief sought is, if proper, merely incidental and a necessary result of a finding that such failure by the testatrix was intentional. Such being the case, the complainants' contention that the superior court was without jurisdiction to enter the final decree in question is correct, and such court should have certified the bill to this court in accordance with G. L. 1938, chap. 545, § 7, whenever the cause was ready for hearing for final decree. In our judgment the instant cause is governed by the decision of this court in *Horton* v. *Horton, supra.* We find, therefore, that the justice of the superior court was in error when he denied the complainants' motion to vacate the final decree entered by that court.

The case of *Quigley* v. *Spencer, supra,* relied on by the respondent Buchanan and the guardian *ad litem,* is clearly distinguishable on its facts from the present cause. In that case the complainant filed her bill in equity to obtain injunctive and other relief against the respondents therein, who were actively attacking the complainant's title to certain real estate and had, in fact, brought an action of trespass and ejectment against her. In deciding the issues raised in that case, this court evidently considered that the bill alleged facts which properly brought the case within the equity jurisdiction of the superior court to hear and determine, and treated a question raised by the bill concerning the intent of a testatrix who had omitted to provide for her children in her will as secondary to the main purpose of the bill.

In the instant cause, however, it does not appear that any person is making any claim which conflicts with or attacks

the record title of the parcels of realty described in the present bill. It seems clear, therefore, that the primary purpose in bringing such bill is to have it determined, if possible, that the failure of Harriet S. Cruff to mention the respondents in her will was intentional and not occasioned by accident or mistake; thereby resulting in the confirmation of such titles.

Our above finding is determinative of the present appeal, but one other matter may properly be referred to. From the record before us apparently no evidence of any kind was presented to the superior court on the issue of whether or not the omission of the respondents from the will of Harriet S. Cruff was intentional, or due to accident or mistake on the part of the testatrix. The final decree entered in the superior court, making certain findings in that regard, was a consent decree. It has been held by this court that a guardian *ad litem* cannot consent to the entry of such a decree so as to bind the interests he represents. *Woodworth* v. *Baker,* 48 R. I. 99. Therefore, in the instant cause, such interests were unaffected by the entry of the final decree in question.

If it was desired to bind such interests by that decree, it would be necessary to submit evidence to the superior court upon the issue involved so that said court would have a basis upon which to rest its findings in that connection. This court has recently had occasion to consider the nature of the office of a guardian *ad litem* and his duties. See *Stanton* v. *Sullivan,* 62 R. I. 154, 4 A. 2d. 269. On the present record this cause was not ready for hearing for final decree, so as to bind all parties, at the time such decree was entered by the superior court.

The appeal of the complainants is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

*Jasper Rustigian,* for complainant.

*James E. L. Smith, Ambrose V. Aylward,* for respondents.

*Ralph S. Daniels,* for Guardian *ad litem.*